## Application of SHAWNEE AIRLINES, Inc.

Docket No. 73007-ACC. Order No. 10900.

Florida Public Service Commission.

August 9, 1973.

David C. Latham, Orlando, for the applicant.

Lee H. Hill, Jr., Tampa, for Florida Airlines, Inc., protestant.

Vincent J. Donahue, Cocoa Beach, for Jet Florida, Inc., protestant.

Richard L. Peterson, for the commission staff and the public generally.

Chairman WILLIAM H. BEVIS and Commissioner WILLIAM T. MAYO participated in the disposition of this matter.

Pursuant to notice, the commission by its duly designated Chief Hearing Examiner, Harold E. Smithers, held a public hearing on this matter in Tallahassee on March 7, 1973.

BY THE COMMISSION.

October 1, 1972, by Chapter 72-374, Laws of Florida, (§330.45-53, Florida Statutes) the commission obtained regulatory jurisdiction over air carriers in Florida. Those "operating at least one scheduled flight per week as of October 1, 1972, and continuously thereafter" had ninety days in which to file an application for a certificate. This applicant is one of those air carriers who applied for "grandfather" rights.

Shawnee is one of the better known "grandfather" applicants. Up to December 28, 1972, when the applicant terminated all daily service, it operated many flights between many points in Florida. From that time until April 1, 1973, one special "grandfather" trip was made each week with the airplane involved staying on the "ramp" no more than five minutes. No passengers were transported nor was there any advertising or holding out of scheduled flights. Further, no facilities were maintained at any airport for purposes of serving the traveling public; the whole operation was shut down except for the one circuitous flight which briefly touched down at most of the airports previously served. Shawnee asserts that scheduled service to the public was reinstituted approximately April 1, 1973.

Thus, it appears that Shawnee has not "bona fide" operated at least one *scheduled* flight per week continuously since October 1, 1972. To further complicate the problem of evaluating the evidence, the applicant's two witnesses were not competent to testify on its behalf since they were no longer corporate officers or employees, and no relationship with the new owner was established nor does it appear their participation on his behalf was authorized. This is particularly true considering a stipulation dated May 21, 1973, received from Shawnee's "new" executive vice president withdrawing its application to fly between city pairs served by protestant Florida Airlines. As the result of that action, Florida Airlines withdrew its protest since it no longer had any interest in the proceeding.

Protestants' testimony involved generalized statements intending to lead to the conclusion reached above. This type testimony in "grandfather" applications is not material since the only issue is the "bona fide" nature of the operations, and the applicant has the burden in this regard.

From the foregoing, the commission concludes that the applicant was not in operation in accordance with the law cited and quoted above.

It is therefore ordered that the application of Shawnee Airlines, Inc., 1010 Executive Center Drive, Suite 231, Orlando, Florida

32803, be and the same is hereby denied.

By order of Chairman WILLIAM H. BEVIS, Commissioner WILLIAM T. MAYO and Commissioner PAULA F. HAWKINS, as and constituting the Florida Public Service Commission, this 9th day of August, 1973.

*William B. DeMilly*
Administrative Secretary